892 F.2d 74
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dorothy GARRICK, Plaintiff-Appellant,
v.
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, INC.,
Defendant-Appellee.
 No. 89-2313.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 4, 1989.
Decided: Nov. 27, 1989.
 
 Michael Jeffrey Thompson, for appellant.
 Audrey Leigh Polk (Keith W. Kochler, Fred A. Walters, Southern Bell Telephone and Telegraph Company, on brief), for appellee.
 Before SPROUSE, Circuit Judge, BUTZNER, Senior Circuit Judge, and JOHN A. MACKENZIE, Senior District Judge, United States District Court for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Dorothy Garrick filed an employment discrimination action against Southern Bell Telephone and Telegraph Co. under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-16 (Title VII). Garrick alleged that she was harassed by fellow employees because of her race and sex and Southern Bell knew or should have known of the harassment and took no action to correct it. A jury found for Southern Bell, and the court entered judgment on the verdict for the § 1981 claim. Because Title VII claims are not triable by jury, the jury verdict was advisory only for the Title VII claim. The court made independent findings and entered judgment for Southern Bell on the Title VII claim.
 
 
 2
 Garrick appeals the order entering judgment for Southern Bell on the § 1981 and Title VII claims. She contends that the trial court's response to the jury's request for further instructions during their deliberation was reversible error and that the court applied the wrong legal standard to determine whether the incidents at issue were pervasive. We affirm the judgment for Southern Bell.
 
 
 3
 * Dorothy Garrick, a black female, was employed by Southern Bell from 1969 to 1983. In 1981, Garrick's co-workers placed sexually graphic materials in her work area and in her mail box. Another employee directed a racially derogatory remark to Garrick. Garrick's work sheets and mail slot were defaced. Garrick alleged that other harassing incidents occurred, including offensive conduct and language of a racial and sexual nature by co-workers. She complained to her supervisor, Thomas Kennedy, about the harassing incidents. Kennedy investigated her complaints and suspended the employee who made the racially derogatory remark to Garrick.
 
 II
 
 4
 The Supreme Court has recently interpreted 42 U.S.C. § 1981 as providing no relief for discriminatory acts which are unrelated to making and enforcing contracts. Patterson v. McLean Credit Union, 57 U.S.L.W. 4705, 4708 (U.S. June 15, 1989). Because Garrick's racial harassment claim did not involve contract rights, it is not actionable under § 1981. Accordingly, it is unnecessary to consider Garrick's argument on appeal that improper jury instructions mandate reversal of the judgment entered on the verdict for the § 1981 claim.
 
 III
 
 5
 In a Title VII claim of racial and sexual harassment in the work force, a central issue is whether the employer is responsible for the harassment. Katz v. Dole, 709 F.2d 251, 255 (4th Cir.1983). The order of proof requires two steps:
 
 
 6
 First, the plaintiff must make a prima facie showing that sexually harassing actions took place, and if this is done, the employer must rebut the showing either directly, by proving that the events did not take place, or indirectly, by showing that they were isolated or genuinely trivial. Second, the plaintiff must show that the employer knew or should have known of the harassment, and took no effectual action to correct the situation. This showing can also be rebutted by the employer directly, or by pointing to prompt remedial action reasonably calculated to end the harassment.
 
 
 7
 Katz, 709 F.2d at 256.
 
 
 8
 Garrick argues that the court improperly instructed the jury of the proper standard for whether an incident is isolated. Because the jury was advisory only, we will not review the instructions for error. Ashland v. Ling-Temeo-Vought, Inc., 711 F.2d 1431, 1438 (9th Cir.1983). Rather we will review the court's findings.
 
 
 9
 The trial court found that harassment "of a grossly insulting nature" did occur while Garrick worked for Southern Bell. Garrick argues that the court applied the incorrect legal standard in concluding that the incidents were isolated events. Even if the incidents were not isolated events, however, Garrick must still prove that the employer took no effectual action to remedy the situation. Garrick failed to prove this necessary element. The evidence is sufficient to support the court's finding that Southern Bell took prompt and adequate remedial action to end the harassment. Garrick's supervisor, Thomas Kennedy, investigated the incidents promptly in response to Garrick's complaints. Kennedy suspended an employee after discovering that the employee made derogatory remarks to the plaintiff. We affirm the trial court's ruling denying Garrick relief under Title VII.